CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 30, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL SEAN CHURCH,<br><br>Plaintiff,<br><br>v.<br><br>S.W.V.R.J.A-TAZEWELL FACILITY, *et al.*,<br><br>Defendants. | Case No. 7:26-cv-00083<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Thomas T. Cullen<br>United States District Judge |

Plaintiff Michael Sean Church, a former Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants S.W.V.R.J.A-Tazewell Facility, Wexford Health Sources, Inc., Dawson Reedy, Officer Hagen, Candance Charles Earls, and Laken Helton. (*See* ECF No. 1.) This matter is before the court upon Church's motion to proceed *in forma pauperis* ("IFP") (ECF No. 52) and his motion for a preliminary injunction and the appointment of counsel (ECF No. 44). For the following reasons, Church's motion to proceed IFP will be granted and his motion for a preliminary injunction and the appointment of counsel will be denied.

## A. IFP Motion

On August 25, 2026, the court became aware that Church had been released from incarceration and was no longer subject to the provisions of the Prison Litigation Reform Act that allowed him to pay the filing fee in installments. (*See* ECF No. 51.) The court therefore assessed Church the $350.00 filing fee and $55.00 administrative fee and directed Church to either pay the full $405.00 fee or otherwise respond to the court's order within 30 days. (*Id.* at 1.) Church timely responded to the court's order by filing the IFP motion, which remains

pending. Because it appears from the IFP motion that Church lacks sufficient funds to pay the full filing fee and administrative fee, the court will grant the motion.

**B. Appointment of Counsel**

A litigant in a civil case does not have a constitutional or statutory right to counsel, and the court cannot require an attorney to represent an indigent plaintiff. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Although the court has the discretion to request an attorney to represent an indigent plaintiff, it may do so only when exceptional circumstances are present. *See Cook*, 518 F.2d at 780 (noting that the appointment of counsel in civil actions "should be allowed only in exceptional cases"). To determine whether a case presents exceptional circumstances, courts conduct a two-part inquiry. *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). "That inquiry requires the court to determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Id.* (quoting *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984)).

Having considered the relevant factors, the court is unable to find that Church's circumstances are sufficiently exceptional to justify the appointment of counsel at this stage of the proceedings. Church's claims are not so complex as to require the assistance of counsel. Moreover, Church has not identified any extraordinary circumstances that would require the appointment of counsel at this early stage of his civil case. "[Legal] inexperience and incarceration alone do not warrant appointment of counsel." *Jenkins*, 109 F.4th at 249. And though Church appears to cite lack of access to the law library and legal mail as a justification

for the appointment of counsel (*see* ECF No. 44 at 4–5), he has shown thus far that he is capable of adequately presenting his factual and legal arguments.

Accordingly, Church has not shown that exceptional circumstances currently exist to justify the appointment of counsel in this action. Thus, to the extent Church requests the appointment of counsel thorough the instant motion, it will be denied. If any exceptional circumstances arise in the future, Church may renew his request.

**C. Preliminary Injunction**

Federal Rule of Civil Procedure 65 permits district courts to issue preliminary injunctions. But such remedies are "extraordinary and drastic" and are "never . . . awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotation marks omitted). To obtain a preliminary injunction, Church must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[*E*]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original). And in the context of state-prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in

their informed discretion have been accorded wide-ranging deference by the federal courts.") (internal quotations omitted).

In his motion, Church complains that he was transferred from the Southwest Virginia Regional Jail Authority's Duffield facility to its Abingdon facility, expresses fear and notes physical and emotional injures based on what the Defendants allegedly "did to [him]," states that he did not receive a copy of a particular motion to dismiss,[1] alleges inadequate medical care, and expresses fear that, if this case is dismissed, "they" "are going to attack [him] again or have something bad happen to him." (*See* ECF No. 44.) But aside from a conclusory statement that his "claims are valid" (*id.* at 5), Church has not made a clear showing that he is likely to succeed on the merits of his claims. And apart from allegations that he is "deeply scarred above [his] left eye" and his "jaw has forever pain" (*id.* at 3), Church does not show that he will suffer irreparable harm absent a preliminary injunction, and he does not state exactly what relief he requests. (*See id.* at 5 ("I don[']t know entirely what to ask for").)[2] Moreover, Church has not proffered any facts to show the balance of equities favors an injunction or that injunctive relief is in the public interest.[3] Accordingly, he has not shown entitlement to a preliminary injunction, and his motion seeking such relief will be denied.

---

[1] The court understands the relevant motion to dismiss to be the one filed by Defendant S.W.V.R.J.A-Tazwell Facility and docketed at ECF No. 35. Defendants expressly state that they mailed a copy of this motion to Church while he was still incarcerated and provided evidence showing as much. (*See* ECF Nos. 46, 46-1.)

[2] Indeed, the only concrete relief Church requests is for certain camera footage to be "disclosed for discovery." (ECF No. 44 at 5.) But Church's "discovery request[] [is] inappropriate in the context of a motion for a preliminary injunction." *Arnold v. Keris*, No. 1:18-cv-01779, 2018 WL 6171457, at *5 (S.D. Ind. Nov. 26, 2018).

[3] Furthermore, as Church has been released from custody, his motion for a preliminary injunction is likely moot. *See, e.g., Benge v. Corizon Health LLC*, No. CV 18-00349-PHX-MTL (CDB), 2019 WL 4963407, at *2 (D. Ariz. Oct. 8, 2019) ("Because Benge is no longer in custody, his request for injunctive relief in the form of specific medical care is moot, and his Emergency Motion for Preliminary Injunction will be denied").

**D. Conclusion**

For the reasons stated above, Church's IFP motion will be granted and his motion for a preliminary injunction and the appointment of counsel will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 30th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE